BICKNELL, (BANK OF SOUTH CAROLINA v.) See Case No. 898.

BICKNELL, (BROOKS v.) See Cases Nos. 1,944–1,946.

## Case No. 1,389.

### BICKNELL et al. v. TODD et al.

[5 McLean, 236;[1] 1 Fish. Pat. Rep. 452; 9 West. Law J. 1.]

Circuit Court, D. Ohio. April, 1851.

PATENTS FOR INVENTIONS—LICENSE TO MAKE AND USE—INCLUDES RIGHT TO REPAIR AND PURCHASE — RESERVATION OF RIGHT TO PROSECUTE FOR INFRINGEMENT—EQUITY—JURISDICTION —DOUBTFUL LEGAL RIGHT.

1. The right to construct a patented machine is distinct from the right to use it.
[Distinguished in Jenkins v. Greenwald, Case No. 7,270.]

2. The right to use necessarily implies the right to repair, and also a right to purchase a machine, when the one in use is destroyed, or too much worn for use.
[Distinguished in Jenkins v. Greenwald, Case No. 7,270. Cited in Steam Cutter Co. v. Sheldon, Id. 13,331.]

3. A patentee may reserve to himself the right to prosecute for piracies, within a district where the right of use is conveyed; but, if he shall afterwards clearly divest himself of that right, by conveying all his interest in the patent, within the particular district, the person who owns the right within the district may prosecute for piracies. It would be unreasonable, under such circumstances, to call upon the patentee to prosecute.

4. If, in the various transfers made, it may be doubtful whether an action at law can be maintained, it affords a ground for the exercise of a chancery jurisdiction.

[In equity. Bill by Bicknell & Jenkins against Todd and others for infringement of letters patent. A decree was rendered for complainants.]

Mr. Coffin, for complainants.
Mr. Norton, for defendants.

OPINION OF THE COURT. This is an application for an injunction. On the 21st April, 1846, Wilson, the assignee of Woodworth's patent for a planing machine, entered into a contract with Bicknell & Jenkins, and on certain conditions expressed, conveyed to them the "exclusive right to make, use, and vend to others to construct and use, during the full term of said letters patent, from this day until the 27th day of December, 1856, machines for planing, tongueing, and grooving boards, upon the principle, plan, and description of the said renewed pat-

[1] [Reported by Hon. John McLean, Circuit Justice.]

-ent and amended specifications, within the territory of Hamilton county, in the state of Ohio, and so much of the adjacent territory in the state of Kentucky, as lies along and adjoining said Hamilton county, and within five miles of the Ohio river, subject to the following restrictions: First. Hudson and Hughes had purchased a right of Wilson to make and vend to others one machine only, within the city of Cincinnatti. Second. That he had executed several licenses to persons to use machines within the county of Hamilton, on condition that the licensees shall pay fifty cents per one thousand feet, to be renewed in a certain event, securing one dollar and twenty-five cents for every thousand feet of lumber passing through the machine, &c.; and the said Wilson retains the right to license other machines within the territory, so that the aggregate machines within the territory do not exceed thirteen. Third. That the said Bicknell & Jenkins shall not erect for use, use or directly or indirectly authorize to be used within the said territory any machines until the number is or shall be reduced to eight; and when any right of any person to use any of the said thirteen machines shall cease, Bicknell & Jenkins shall not put in operation a machine or machines in lieu thereof until the whole number of machines in operation in said territory shall be reduced below eight; and when so reduced, the number of machines shall be kept at eight."

"Sixthly. Wilson agrees on due notice, to institute and prosecute all actions necessary to secure the monopoly granted by the said patent, within the said territory, at his own expense: and expressly reserves to himself all damages which may occur within said territory; and also an exclusive right to prosecute for piracies therein, and if the business shall be so interfered with by piracies as to affect seriously the benefit of the business, then a reasonable reduction from the amount to be paid shall be deducted on that account and allowed to the proper parties."

These are the only conditions necessary to be considered, in deciding the present application.

Under this contract, Bicknell & Jenkins have a right to make for use, within the district specified, the planing machine, under the restrictions named; and they have also a right to all the receipts under the thirteen licenses granted, they paying to Wilson the sum stipulated. The right to make a machine is distinct from that of using it; and these rights have been treated as distinct by the parties to the contract. This is clear from the words of the contract, and especially from that part of it which reserves the right to Hudson and Hughes to make a machine, which had been granted to them by Wilson.

- Bicknell & Jenkins were bound not to make machines for use in the territory designated, until the whole number was reduced to eight; and when so reduced, the number was not to be increased. But how were they to be reduced? The contract declares that "when any right of any person to use any of the thirteen machines shall cease, Bicknell & Jenkins shall not put in operation a machine or machines in lieu thereof, until the whole number shall be reduced to eight." Now the right to use such machines could only cease in one of two ways. First, by a voluntary abandonment; or, secondly, by a refusal to render an account of the work done, and a failure to pay over the compensation or rents as they became due. There is no statement in the bill that either of these contingencies has occurred, in regard to any of the thirteen licenses. It is clear, then, the right to make for use within the district is vested in Bicknell & Jenkins, with the exception only in behalf of Hudson and Hughes who have the right to construct one machine. Many, if not all of the thirteen machines might become useless, and who has the power to replace them? It may be admitted that a licensee may repair his machine, but he cannot construct one. He may have a right to purchase one, for the right of use necessarily implies the right of purchase; but the right to construct, as before remarked, is distinct from the right of use.

The complainants allege that Hinkle, one of the defendants, claims to have a license from Wilson, by which he asserts a right to make said machines within the territory described, and that the other defendants protect themselves under the same license. And the complainants aver that the license of Hinkle is subservient to their contract, and is, consequently, subject to their right. That the defendants have no right under the license to construct a planing machine, and are limited to the right to use such machine. And an injunction is prayed. The license of Hinkle is dated some days after the date of the contract between the complainants and Wilson. The latter having conveyed to the complainants the right to construct machines for use in the district specified, he could convey no right subsequently to Hinkle to do the same thing. In the contract there was no reservation in behalf of Hinkle, as in the case of Hudson and Hughes; although their right to build a machine was prior to the contract.

An objection is made that the complainants have no right to maintain a suit against the defendants for piracy, Wilson having reserved in the contract an exclusive right to prosecute for piracies, on notice, &c. On the 2d of July, 1849, Wilson, for a valuable consideration, "assigned to Elisha Bloomer, all his right, title, and interest, in said patent, within the district described." Prior to this, Bicknell had assigned to Bloomer one half of his contract made with Wilson, in conjunction with Jenkins. But afterwards, on the 1st September, 1849, Bloomer assigns to Bicknell, in consideration of the sum of three

thousand dollars, "all his remaining exclusive right to build the Woodworth planing machine, within the territory conveyed to the said Elisha Bloomer by Wilson," &c.

From the above, it appears that Wilson has become divested of all interest in the patent, within the territory described; and that Bicknell, in relation to the contract with Wilson, by himself and Jenkins, has a right to claim his equal share of the benefits arising under that contract. Under such circumstances, it would be useless to give notice to Wilson to bring suit under the contract. He has now no interest in the matter, and of course should not prosecute. It is not doubted that a patentee or his assignee, in transferring a part of the patent, may reserve the right to prosecute for piracies. He is interested in the entire patent, and any suit for a violation of it may involve the validity of the right claimed. But this question arises under the contracts referred to.

The bill in this case applies for an injunction, on the ground that the defendants have no pretense of right to construct the machine, and consequently that the act complained of violated that part of the patent right which was conveyed to plaintiffs. This is the only ground on which the jurisdiction of this court can be sustained. I have entertained great doubts whether the plaintiffs have not an adequate remedy at law, and if so, relief in chancery should not be given. And I am induced to sustain the jurisdiction principally on the ground that from the assignments and re-assignments, it may be doubtful whether an action at law can be brought so as to obtain relief for the injury complained of. The right, I think, is clearly in the complainant to construct the machines for planing plank, within the district specified, and the right is infringed by either of the lessees making for themselves or others a machine. An injunction is allowed as prayed in the bill.

[NOTE. This patent was granted to William Woodworth December 27, 1828, for a planing mill; reissued. No. 71, July 8, 1845; also reissued in 1871.

[These patents have been the subject of litigation in the following cases: Gibson v. Van Dressar, Case No. 5,402; Brooks v. Fiske, 15 How. (56 U. S.) 214; Pitts v. Edmonds, Case No. 11,191; Wilson v. Barnum, Id. 17,787; Motte v. Bennett, Id. 9,884; Olcott v. Hawkins, Id. 10,480; Brooks v. Bicknell, Id. 1,944; Brooks v. Jenkins, Id. 1,953; Washburn v. Gould, Id. 17,214; Wilson v. Rousseau, 4 How. (45 U. S.) 646; Woodworth v. Wilson, Id. 712; Woodworth v. Hall, Case No. 18,016; Gibson v. Betts, Id. 5,390; Van Hook v. Pendleton, Id. 16,851; Woodworth v. Hall, Id. 18,017; Smith v. Mercer, Id. 13,078; Gibson v. Harris, Id. 5,396; Woodworth v. Edwards, Id. 18,014; Sloat v. Patton, Id. 12,947; Barnard v. Gibson, 7 How. (48 U. S.) 650; Bloomer v. McQuewan, 14 How. (55 U. S.) 539; Bloomer v. Millinger, 1 Wall. (68 U. S.) 340; Bloomer v. Gilpin, Case No. 1,558; Bloomer v. Stolley, Id. 1,559; Brooks v. Norcross, Id. 1,957; Brooks v. Bicknell, Id. 1,945, Id. 1,946; Brooks v. Stolley, Id. 1,962; Brown v. Shannon, 20 How. (61 U. S.) 55; Dean v. Mason, Id. 198; Foss v. Herbert, Case No. 4,957; Gibson v. Cook, Id. 5,393; Gibson v. Barnard, Id.

5,389; Gibson v. Gifford, Id. 5,395; Jenkins v. Greenwald, Id. 7,270; Livingston v. Woodworth, 15 How. (56 U. S.) 546; Lippincott v. Kelly, Case No. 8,381; Ritter v. Serrell, Id 11,866; Simpson v. Wilson, 4 How. (45 U. S.) 709; Van Hook v. Pendleton, Case No. 16,852; Wilson v. Sherman, Id. 17,833; Wilson v. Simpson, 9 How. (50 U. S.) 109; Wilson v. Barnum, 8 How. (49 U. S.) 258; Wilson v. Stolley, Case No. 17,839; Wilson v. Turner, Id. 17,845; Wilson v. Rousseau, Id. 17,832; Brooks v. Stolley, Id. 1,963; Wilson v. Stolley, Id. 17,840; Woodworth v. Cook, Id. 18,011; Woodworth v. Sherman, Id. 18,019; Woodworth v. Stone, Id. 18,021; Woodworth v. Weed, Id. 18,022; Woodworth v. Curtis, Id. 18,013.]